UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CEDRIC SPEARS (#352089)

VERSUS                                    CIVIL ACTION

WARDEN TAPPIN, ET AL                      NUMBER 08-269-JJB-SCR


<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 14, 2008.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDRIC SPEARS (#352089)

VERSUS                                   CIVIL ACTION

WARDEN TAPPIN, ET AL                     NUMBER 08-269-JJB-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is the application of petitioner Cedric Spears for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pled guilty to one count attempted armed robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on January 13, 2005. Petitioner was sentenced to eight and one-half years at hard labor, without benefit of parole, probation or suspension of sentence, in the custody of the Louisiana Department of Public Safety and Corrections.

The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence. *State of Louisiana v. Cedric Spears*, 2005-1052 (La. App. 1st Cir. 2/10/06), 924 So.2d 511 (Table). Petitioner filed a writ of certiorari to the Louisiana Supreme Court on February 28, 2006. The Louisiana Supreme Court denied review on November 17, 2006. *State of Louisiana v. Cedric Spears*, 2006-1142 (La. 11/17/06), 942 So.2d 530. Petitioner did not seek state post-conviction relief.

On June 26, 2006, the petitioner filed an application for a

1

writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States Court District Court for the Eastern District of Louisiana. On July 24, 2006, the application was transferred to the Middle District of Louisiana. *Cedric Spears v. Billy Harris, et al*, CV 06-542-JJB-DLD. On June 4, 2007, the petitioner's application for habeas corpus relief was dismissed without prejudice for failure to first exhaust state court remedies pursuant to 28 U.S.C. § 2254(b) and (c).

Petitioner signed his second application for a writ of habeas corpus on April 30, 2008, and it was filed on May 5, 2008.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted

2

according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). Because a federal habeas corpus application is not an application for "State post-conviction or other collateral review" within the meaning of § 2244(d)(2), the time while the petitioner's first federal habeas corpus application was pending did not toll the period of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129 (2001).

Petitioner's conviction became final on February 15, 2007.[1] From the date the petitioner's conviction became final until April 30, 2008, the date petitioner signed his § 2254 motion and presumably delivered it to prison officials for filing, more than one year (439 days) passed from the effective date of the AEDPA until the date the petitioner filed his federal habeas corpus

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. Finality is established by the expiration of the 90-day period to seek a petition for writ of certiorari to the Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

application.   Petitioner's federal habeas corpus application was not timely filed.[2]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, July 14, 2008.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999).  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).